NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELODGE HOTELS, INC., | Civil Action No.: 13-4796 |
| Plaintiff, | |
| v. | **OPINION** |
| CPK, INC., *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

Before the Court is Plaintiff's motion for Default Judgment under Fed. R. Civ. P. 55(b) against Defendants. (ECF No. 6). The Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78.[1] For the reasons set forth below, the Court will deny the motion.

I.   BACKGROUND

This dispute stems from a franchise arrangement between Plaintiff and Defendants. Plaintiff alleges that Defendant CPK breached its agreements, and continued to use Plaintiff's trademarks once the license was terminated. (Compl. ¶¶ 36-52). Plaintiff alleges that Defendant Kanaridis is liable due to his unfulfilled guaranty of the agreements. (Compl. ¶¶ 88-91).

The instant motion is supported by a certification from Plaintiff's counsel detailing how service of the complaint on Defendants was attempted. Plaintiff's counsel certifies that a process

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

server diligently attempted to serve Defendants, but was unable to locate them. (Couch Cert.[2] ¶¶ 4-5). Counsel further certifies that Plaintiff "served the Defendants with the Summons and Verified Complaint via certified and regular mail." (Id. ¶ 6). Similarly, in its request for Default, Plaintiff's counsel certified that Plaintiff "served Defendants with a copy of the Summons and complaint via certified and regular mail pursuant to New Jersey Court Rule 4:4-4(b)(1)(C)." (Couch 55(a) Cert.[3] ¶ 6). A copy of the letter, attached to the Couch 55(a) Cert. as Exhibit C, and to the Couch Cert. as Exhibit B states that it was sent "via certified and regular mail."

After Plaintiff moved for default, Kanaridis submitted a motion to dismiss, pro se, styled on behalf of himself and CPK, Inc. alleging improper service. Because CPK, Inc. is a corporation, Magistrate Judge Clark ruled that it cannot be represented by Kanaridis, terminated that motion, and gave Defendants an opportunity to obtain counsel. (ECF No. 9). The Court resumed consideration of this motion after Defendant CPK did not retain counsel. (ECF No. 11).

## II.    DISCUSSION

It is "error as a matter of law for [a] district court to enter a default judgment against [a Defendant] when it was never served." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995). Plaintiff contends that it effected proper service by diligently attempting service, and then mailing a copy of the summons and complaint via certified and regular mail. (Couch Cert. ¶¶ 4-6). This is insufficient under the rules.

Rule 4 governs service of the summons and complaint. It provides that individual and corporate defendants may be served in accordance with state law of the state where the district

---

[2] ECF No. 6-4.
[3] ECF No. 5.

court is located or where service is made, or through other means which are inapplicable here.[4] Fed. R. Civ. P. 4(e), (h). Plaintiff bears the burden of establishing proper service. Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993). Because service was attempted in Wyoming (Couch Cert. Ex. B), the Court must determine whether service was proper in accordance with Wyoming or New Jersey law.

Plaintiff contends that service was proper in accordance with New Jersey law, in particular with New Jersey Court Rule 4:4-4(b)(1)(C). (Couch 55(a) Cert. ¶ 6). That rule requires that service by mail must be made "by registered or certified mail, **return receipt requested**, and simultaneously, by ordinary mail." Id. Plaintiff has not demonstrated that the summons and complaint were sent to Plaintiff return receipt requested. Accordingly, service is not proper under the New Jersey rules.

Although Plaintiff did not allege proper service under Wyoming's rules, simply mailing the summons and complaint to Defendants' address is not proper service within that state. See Wyo. R. Civ. P. 4(d) (listing means of personal service); (f) (stating requirements for service by publication); (l)(2) (requiring the clerk to effectuate service by registered or certified mail, return receipt requested).

---

[4] These are "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process" for individuals, and "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant" for corporations. Fed. R. Civ. P. 4(e)(2) (h)(1)(B).

## III.  CONCLUSION

Because Plaintiff has not demonstrated service, the Court declines to enter a default judgment. Because it does not appear that service was made within the time limit required by rule 4(m), Plaintiff is put on notice that it must either (1) demonstrate that service was proper or (2) show good cause why Defendants were not served.

An appropriate order accompanies this opinion.

**Dated:** June 10, 2014

_____
**CLAIRE C. CECCHI, U.S.D.J.**