**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELODGE HOTELS, INC., | Civil Action No.: 13-4796 |
| Plaintiff, | |
| v. | **OPINION** |
| CPK, INC., *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Plaintiff Travelodge Hotels, Inc. ("Plaintiff") for entry of Final Judgment by Default against Defendants CPK, Inc. ("CPK") and Chris P. Kanaridis ("Kanaridis") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 17.) This motion is unopposed by Defendants. The Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Court will grant the motion as to Defendant CPK. The Court will deny the motion as to Defendant Kanaridis.

## I.    BACKGROUND

This dispute stems from a franchise arrangement between Plaintiff and Defendants. Plaintiff alleges that Defendant CPK breached its agreements, and continued to use Plaintiff's trademarks once the license was terminated. (Compl. ¶¶ 36-52.) Plaintiff alleges that Defendant Kanaridis is liable due to his unfulfilled guaranty of the agreements. (Compl. ¶¶ 88-91.)

Plaintiff filed its Complaint on August 9, 2013. (ECF No. 1.) On October 10, 2013,

Plaintiff requested default as to both Defendants. (ECF No. 5.) The clerk entered default on the same day. On November 22, 2013, Plaintiff filed its Final Motion for Default Judgment. (ECF No. 6.)

On December 9, 2013, (after the filing of Plaintiff's motion for default judgment but before the Court issued a ruling on that motion,) Defendant Kanaradis filed a motion to dismiss Plaintiff's Complaint on behalf of both Defendants. (ECF No. 7.) By letter submitted to the Magistrate Judge on December 23, 2013, Plaintiff argued that Defendants' motion to dismiss should not be accepted because Defendant CPK is a corporation that must be represented by an attorney. (ECF No. 8.) Plaintiff also requested that the motion to dismiss be adjourned until such time as Defendants "seek to vacated[sic] default or until the Court rules upon [Plaintiff's] pending Motion for Default Judgment." (Id.) On January 28, 2014, Magistrate Judge Clark administratively terminated Defendants' motion to dismiss *as to both Defendants* and granted Defendant CPK a 30-day period to retain counsel. (ECF No. 10.) Judge Clark held "all deliberations on [Plaintiff's motion for default judgment] in abeyance pending this thirty-day period." (Id.)

On March 24, 2014, Magistrate Judge Clark ordered that, since Defendant CPK did not retain counsel within the allotted time, "the Court shall resume deliberations on the Motion for Default Judgment." (ECF No. 11.) On June 10, 2014, the Court denied Plaintiff's motion for default judgment against Defendants due to Plaintiff's failure to demonstrate proper service. (ECF No. 14.) In the accompanying Opinion, the Court notified Plaintiff pursuant to Rule 4(m) that it would dismiss the complaint absent (1) a demonstration of proper service or (2) good cause why Defendants were not served. (ECF No. 13.) In response to the Court's order, Plaintiff submitted a certification in support of service on July 9, 2014. (ECF No. 15.) Based on the evidence offered in the certification, this Court directed the Clerk to reinstate the Entry of Default against

2

Defendants and provided Plaintiff with thirty (30) days to resubmit its Motion for Default Judgment. (ECF No. 16.) Plaintiff filed its renewed motion for default judgment on February 4, 2015. (ECF No. 17.)

For the reasons set forth below, the Court finds that Plaintiff has demonstrated Defendants were properly served. The Court finds that Plaintiff is entitled to a judgment by default against Defendant CPK. However, because Defendant Kanaridis has "otherwise defend[ed]" within the framework of Federal Rule of Civil Procedure 55(a), Plaintiff is not entitled to a judgment by default against Defendant Kanaridis and the entry of Defendant Kanaridis's default should be set aside.

## II.   DISCUSSION

### A.   Proper service of process

Plaintiff's counsel certifies that service was made pursuant to New Jersey Court Rule 4:4-4(b)(1)(C) "via regular mail and certified mail, return receipt requested." (Response Certification of Bryan P. Couch ¶ 10 ("Couch Cert.").[1]) Counsel certifies that service was made on September 4, 2013. (Id. ¶ 9.) Counsel certifies that it does not "have a copy of either the green mailing receipt showing that defendants accepted the certified mailing, or a copy of the certified mail returned as unclaimed." (Id. ¶ 14.) Counsel further certifies that Defendants were served at the address which Defendants themselves indicate is their own, only after diligent efforts were made to locate Defendants, and that the regular mail sent to that address was not returned as undeliverable. (Id. ¶¶ 7-8, 11-13.)

New Jersey appellate courts have held that, although not ideal, a return receipt is not

---

[1] ECF No. 15.

3

required for proper service under Rule 4:4-4(b)(1)(C) when the corresponding regular mail was not returned. Fidelity Asset Management, L.L.C. v. Faine, No. F-24369-06, 2010 WL 4861456, at *1-2 (N.J. Super. Ct. App. Div. Dec. 1, 2010). Accordingly, the Court finds that Plaintiff properly served Defendants pursuant to New Jersey Court Rule 4:4-4(b)(1)(C), and therefore Plaintiff has demonstrated proper service of process pursuant to Fed. R. Civ. P. 4.

**B.    Default Judgment**

Having found that service of process on the Defendants was proper, the Court now turns to the merits of Plaintiff's motion for default judgment. The Court has subject matter jurisdiction as to the trademark infringement claims under 28 U.S.C. §§ 1331, 1332, & 1338. The Court also has supplemental jurisdiction over the breach of contract claims pursuant to 28 U.S.C. § 1367.[2] Defendants consented to personal jurisdiction and venue in this Court and in New Jersey state courts in the September 15, 2004 license agreement between CPK and THI (the "License Agreement"), and the guaranty of Kanardis's obligations ("Guaranty") under the License Agreement, signed by Kanaridis. (Compl. ¶¶ 6-7, Ex. A, Ex. C.)

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a default against Defendants on October 10, 2013.[3] However, this Court has the discretion to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); see also United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984) ("A decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) . . . is left primarily to the discretion of the district court."); AllGood Entm't,

---

[2] The Court notes that subject matter jurisdiction over state law claims would also exist because there is complete diversity among opposing parties and the amount in controversy exceeds $75,000.

[3] Vacated on June 11, 2014 per this Court's June 10, 2014 Order and later reinstated by this Court's January 9, 2015 Order.

4

Inc. v. Gridiron Video, No. 09-2406, 2012 WL 395373, at *3-4 (D.N.J. Feb. 6, 2012). "Entries of default and default judgments are generally disfavored, and courts should, in doubtful cases, set aside entries of default or default judgments in order to allow cases to be decided on their merits." AllGood Entm't, 2012 WL 395373, at *3.

Though "the entry of a default judgment is largely a matter of judicial discretion," the Court must determine that Plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)). In addition, "[b]efore imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).

The Court separately addresses the motion for default judgment against each Defendant.

1. <u>Plaintiff's Motion For Default Judgment Against Defendant Kanaridis Will Be Denied</u>

After the entry of default against both Defendants, but before the Court entered default judgment, Defendant Kanaridis's filed a motion to dismiss on behalf of himself pro se. (See ECF No. 7.) Notwithstanding Magistrate Judge Clark's administrative termination of Defendant Kanaridis's motion for reasons related to co-Defendant CPK's failure to retain counsel (see ECF No. 10), it would be incorrect for this Court to find that Defendant Kanaridis has not "otherwise defend[ed]" within the framework of the Federal Rule of Civil Procedure 55(a). See Harrison v. Bornn, Bornn & Handy, 200 F.R.D. 509, 513-14 (D.V.I. 2001) ("'otherwise defend' refers to a

5

motion challenging such matters as service, venue, or the sufficiency of a pleading") (citing Wright, Miller & Kane, 10A Federal Practice and Procedure § 2682, at 16-17 (3d ed. 1998)). This is especially true considering Plaintiff is representing himself pro se, and is therefore entitled to leeway with respect to procedural requirements. See Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993) ("[W]e have traditionally given pro se litigants greater leeway where they have not followed the technical rules of pleading and procedure.").

Accordingly, the Court finds that, to this point, Defendant Kanaridis has "otherwise defend[ed]" in this case. The Court will, therefore, deny Plaintiff's motion for default judgment against Defendant Kanaridis without prejudice. Having found good cause, this Court will also set aside the entry of default against Defendant Kanaridis and provide him thirty (30) days to answer or file a motion.

### 2.   Plaintiff's Motion For Default Judgment Against Defendant CPK Will Be Granted

The time for Defendant CPK to answer or otherwise respond to the Complaint has expired. See Fed. R. Civ. P. 12(a). Defendant CPK has failed to appear and no opposition to the present motion has been filed. As the Court noted in its June 10, 2014 Opinion, although Defendant Kanaridis submitted a motion to dismiss, pro se, styled on behalf of himself and Defendant CPK, because Defendant CPK is a corporation, it must be represented by authorized counsel and it cannot be represented by Defendant Kanaridis. (See ECF No. 13.) Despite being given numerous opportunities to obtain counsel, Defendant CPK has failed to do so and has not made an appearance before this Court.

Before awarding a default judgment, the Court must determine whether the moving party's complaint establishes a legitimate cause of action. Chanel, 558 F. Supp. at 535-36. Here, the Plaintiff alleges causes of actions for both trademark infringement under the Lanham Act and

6

breach of contract.  (Compl. ¶ 53-96.)  To establish trademark infringement, the complaint must allege that plaintiff (1) has a valid and legally protectable mark; (2) owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion.  A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir. 2000).  A complaint sufficiently states a cause of action for breach of contract "by alleging that Defendants entered into a valid franchise agreement with Plaintiff, that Defendants breached this agreement, and that Plaintiff suffered resulting damages."  Super 8 Worldwide, Inc. v. Aksar Corp., No. 14-1037, 2014 WL 4613664, at *9 (D.N.J. Sept. 15, 2014) (citing Coyle v. Englander's, 199 N.J. Super. 212, 223, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985)); Howard Johnson v. Patel, No. 11-918, 2011 WL 218575, at *3 (D.N.J. May 31, 2011).

In its Complaint, Plaintiff alleges that it owns several registered and valid trademarks. (Compl. ¶ 9-17.)  Plaintiff further alleges that Defendant's licensed use of Plaintiff's marks terminated when Defendants terminated the License Agreement, and that Defendants continued to use the mark thereafter in violation of the Lanham Act.  (Compl. ¶ 44-52.)  Thus, Plaintiff has sufficiently pleaded that the marks were valid, it owns the marks, and the Defendants infringed the marks.  See A & H Sportswear, Inc., 237 F.3d at 210.

Plaintiff alleges that CPK breached the License Agreement by (1) failing to pay liquidated damages triggered by Defendants' unilateral termination of the License Agreement and (2) failing to make payments of "Recurring Fees" as required under the License Agreement. (Compl. ¶ 68-87.)  In addition to supporting an action for breach of contract, the facts support Plaintiff's claim of unjust enrichment, as Plaintiff "conferred a benefit on defendant that enriched defendant beyond its contractual rights" and "retention of that benefit without payment would be unjust."  Cooper v. Samsung Electronics America, Inc., No. 07-3853, 2008 WL 4513924, at *9

(D.N.J. Sept. 30, 2008) (citing VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554, 641 A.2d 519, 526 (1994)).

Given that Defendant CPK has failed to appear or plead in this action and that Plaintiff has provided evidence of Defendant CPK's entry into and breach of the License Agreement and Guaranty and trademark infringement, the Court finds no basis for Defendant CPK to claim a meritorious defense. See Jackson Hewitt v. Gleason, No. 13-510, 2013 WL 6384650, at *2 (D.N.J. Dec. 6, 2013); cf. Emcasco, 834 F.2d at 74 (holding that district court was required to consider whether defendant's proffered answer raised meritorious defense). Plaintiff has been prejudiced by Defendant CPK's failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. See Malik v. Hannah, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Finally, where Defendant CPK has failed to respond, there is a presumption of culpability. See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). Therefore, the Court finds that default judgment is proper at this time against Defendant CPK.

The allegations in Plaintiff's Complaint regarding damages are not treated as true upon entry of a default judgment. Boards of Trustees of Operating Engineers Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc., No. 06-1795, 2006 WL 3308578, at *3-4 (D.N.J. Nov. 13, 2006). A court may conduct hearings to determine the amount of damages or may decline to hold such hearings, "particularly where 'the amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id. (internal quotations omitted). In this case, Plaintiff has submitted evidence adequate to support its request for damages and for reasonable attorneys' fees and costs. (See Affidavit of Suzanne Fenimore, ECF No. 17-3.)

8

III.   **CONCLUSION**

For the reasons described herein, Plaintiff's motion for default judgment will be granted-in-part and denied-in-part. Default judgment shall be entered against Defendant CPK, and Defendant CPK shall be ordered to pay the total amount of $211,163.16, comprised of liquidated damages, recurring fees, Lanham Act damages, damages, and attorneys' fees and costs. Defendant Kanaridis is given thirty (30) days to answer or file a motion. An appropriate Order accompanies this Opinion.

DATED:  September 30, 2015

_____
        **CLAIRE C. CECCHI, U.S.D.J.**